IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LEAH RAE WINTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIGO ROAD HOSPITALITY GROUP; O-KU, LLC; O-KU NASHVILLE, LLC; O-KU ATLANTA, LLC; O-KU CHARLOTTE, LLC; O-KU JACKSONVILLE, LLC; O-KU RALEIGH, LLC,<br><br>Defendants. | C.A. No.: 2:23-cv-05339-DCN<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF CONSENT ORDER DISMISSING ACTION WITH PREJUDICE** |

Defendants Indigo Road Hospitality Group ("IRHG") and O-Ku Nashville, LLC ("O-Ku Nashville") (collectively referred to as the "Defendants"),[1] by and through their undersigned counsel, jointly move with Plaintiff Leah Rae Winter, formerly known as Leslie Guldenzoph, ("Plaintiff") (Defendants and Plaintiff collectively referred to herein as "the Parties"), for approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and dismissal of Plaintiff's claims with prejudice.

I.   **BACKGROUND**

Plaintiff was employed as a server at O-Ku Nashville for the period of September 2021 through July 11, 2023. On October 24, 2023, Plaintiff filed a Complaint on behalf of herself and all similarly situated individuals, purporting to bring class and collective action claims against ten

---

[1] On June 4, 2024, the Court granted in part Defendants' Motion to Dismiss, dismissing Defendants O-Ku, LLC, O-Ku Atlanta, LLC, O-Ku Charlotte, LLC, O-Ku Jacksonville, LLC, and O-Ku Raleigh, LLC. As such, they are no longer parties to this matter.

PPAB 12312450v1

separate entities alleging, among other things, various violations of the FLSA. Plaintiff's Complaint includes the following causes of action: (1) alleged unlawful retaliation in violation of 29 U.S.C. § 215(a)(3); (2) alleged failure to provide proper notice of tip credit and alleged failure to pay minimum wage in violation of 29 U.S.C. §§ 203(m), 216(b); (3) alleged improper inclusion of non-service/kitchen staff in the tip pool in violation of 29 U.S.C. §§ 203(m), 216(b); (4) alleged failure to pay minimum wage for non-tipped work in violation of 29 U.S.C. §§ 203(m), 216(b); (5) alleged failure to pay for work completed in violation of 29 U.S.C. §§ 203(m), 216(b); (6) alleged failure to pay overtime in violation of 29 U.S.C. § 207(a)(2); and (7) alleged unjust enrichment. Defendants deny Plaintiff's allegations and assert that Plaintiff received all the compensation to which she was lawfully entitled during her employment with O-Ku Nashville.

On December 18, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint, and in response, Plaintiff filed an Amended Complaint that removed three of the named defendants but maintained the same causes of action. On February 21, 2024, Defendants filed a Motion to Dismiss the Amended Complaint. On June 4, 2024, following a hearing on that motion, the Court granted in part and denied in part Defendants' Motion to Dismiss. In its Order, the Court dismissed all named defendants except for IRHG and O-Ku Nashville. The Court further provided for a six-month period of jurisdictional discovery to determine whether the Court has personal jurisdiction over O-Ku Nashville and whether this Court is the proper venue for the adjudication of this dispute.

The Parties exchanged documents and information during the jurisdictional discovery period, and on December 4, 2024, the Court issued a text order referring the case to mediation with Magistrate Judge Molly H. Cherry serving as mediator. Following good-faith negotiations, the Parties agreed to resolve this matter pursuant to the terms set forth in the attached Waiver, Release and Settlement Agreement ("Agreement"), which is attached hereto as Exhibit 1. The settlement of this matter is the product of arms-length negotiations by experienced counsel. It will provide

relief to the Plaintiff and eliminate the risks both sides would bear if the matter proceeded to adjudication on the merits. The settlement is fair and reasonable and should be approved.

**II.     LEGAL STANDARDS FOR FLSA SETTLEMENTS**

Under a private FLSA enforcement action, district courts may approve settlements when the settlement proposed by the parties constitutes a reasonable compromise of the parties' *bona fide* dispute. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Although the Fourth Circuit has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ those set forth by the Eleventh Circuit in *Lynn's Food Stores.* *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. That analysis requires weighing a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Irvine*, 204 F. Supp. 3d at 849. Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indicium of fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id.* The settlement in this case satisfies *Lynn's Food Stores'* requirements for FLSA settlement approval. Accordingly, the Parties respectfully request that this Court approve the settlement and implement its terms.

### III. THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A *BONA FIDE* DISPUTE UNDER THE FLSA

#### A. *Bona Fide* Dispute

It is clear from a review of the pleadings in this matter, along with the Parties' exchange of documents and information, that several FLSA issues are in *bona fide* dispute. Here, the Parties disagree about: (1) Defendant's liability; (2) whether or not Plaintiff is owed for any alleged overtime and/or off-the-clock work; (3) whether or not Plaintiff was provided with the proper tip notice; (4) whether certain employees were properly included in Defendant O-Ku Nashville's tip pool; and (5) the calculations of any alleged unpaid time and other damages owed. The resolution of these issues one way or the other would have a substantial impact on the outcome of this dispute. In light of the issues in contention among the Parties, there is a *bona fide* dispute that justifies settlement of this case.

#### B. Fairness and Reasonableness

An evaluation of the above-stated factors used to determine whether an FLSA settlement is fair and reasonable supports approval of the Agreement. Regarding the first two factors, i.e., the extent of discovery that has taken place and the stage of the proceedings, the Parties assert they have exchanged some written discovery, documents, and information relevant to their respective claims, defenses, and accounts of the underlying facts, and discussed: (i) what records exist and what they show; (ii) the testimony likely to be offered from key witnesses; (iii) the claims and defenses that all sides intended to assert; (iv) and each side's calculation of alleged damages.

With respect to the third factor, there is no suggestion of fraud or collusion in this settlement. The settlement was reached through experienced counsel's arms-length negotiations in the context of a formal mediation with a magistrate judge serving as mediator after the Parties and their counsel exchanged and evaluated various documents and other relevant information. As

4

to the experience of counsel and their opinions on this case (the fourth factor), the Parties were represented in the negotiations by able counsel with significant experience in litigating and resolving employment-related disputes brought pursuant to the FLSA. These factors thus weigh in favor of approving the settlement.

Finally, a consideration of the probability of Plaintiff's success on the merits and the amount of projected recovery in relation to the settlement weighs in favor of approving the settlement. Here, Plaintiff contends she was improperly paid $2.13 per hour while performing non-tipped work and asserts that sushi chefs and others were improperly included in the tip pool. Defendant O-Ku Nashville asserts that the pay records reflect that Plaintiff was properly paid $2.13 per hour when she performed work as a server and $7.25 per hour when she performed any non-tipped work and was never asked to work off-the-clock. In addition, O-Ku Nashville asserts that the sushi chefs, who are located in the front of the house and interact with customers, were properly part of the tip pool.

Plaintiff estimated her alleged tipped damages to be approximately $12,202.91 and asserted she was entitled to liquidated damages, as well as additional damages for her other FLSA and state law claims. Defendants not only deny owing Plaintiff any compensation, but also dispute Plaintiff's calculations of her alleged damages. Namely, Defendants assert that, even if Plaintiff could prove liability (which Defendants deny), the amount of damages Plaintiff claims is not supported by her time and payroll records, nature of her position, or any other documents. Both Parties recognize that their respective positions face an uncertain outcome if the litigation were to proceed. The range of potential outcomes and the risk to the Parties give rise to uncertainty on both sides in this case.

In an effort to avoid the burden, expense, and uncertainty of continuing the litigation, the Parties engaged in settlement discussions to resolve this bona fide dispute. The Parties

memorialized the terms of their settlement in the Agreement, which is attached hereto as Exhibit 1. The Parties acknowledge that Plaintiff is receiving a fair and reasonable amount for her claims brought under the FLSA. She is also receiving additional payment in consideration for her execution of the Agreement and dismissal of the subject action. Thus, Plaintiff acknowledges that the settlement is fair and reasonable.

### C.  Attorneys' Fees and Costs

Plaintiff's counsel has filed a Motion and Memorandum of Law in Support of Plaintiff's Counsel's Attorney's Fees and Costs simultaneously with this Motion.

### IV.  CONCLUSION

The Parties agree that Plaintiff is receiving a fair and reasonable settlement due to the *bona fide* dispute among the Parties regarding the alleged FLSA violations by Defendants. The Parties further agree that Plaintiff's counsel's attorneys' fees and costs are fair and reasonable for this case. Accordingly, the Parties respectfully request that this Court approve their Joint Motion for Approval of Settlement and enter the Consent Order Approving Settlement and Dismissing Action with Prejudice.

[SIGNATURE APPEARS ON FOLLOWING PAGE]

WE SO MOVE:

| | |
|---|---|
| s/ Badge Humphries | s/Amanda C. Williams |
| Badge Humphries (D.S.C. No. 9550) | Amanda C. Williams (Fed. ID: 10218) |
| GRIFFIN HUMPHRIES LLC | Email: amandawilliams@parkerpoe.com |
| 2113 Middle Street, Suite 305 | Megan M. Feltham (Fed ID No.: 13770) |
| Sullivan's Island, South Carolina 29482 | Email: meganfeltham@parkerpoe.com |
| Tel. (843) 883-7444 | PARKER POE ADAMS & BERNSTEIN LLP |
| bhumphries@griffinhumphries.com | 850 Morrison Drive, Suite 400 |
| | Charleston, SC  29403 |
| James M. Griffin (D.S.C. No. 1053) | Phone:  843-727-2650 |
| GRIFFIN HUMPHRIES LLC | |
| 8906 Two Notch Road, Suite 200 | ATTORNEYS FOR DEFENDANT |
| Columbia, South Carolina 29223 | |
| Tel. (803) 744-0800 | |
| Fax (803) 744-0805 | |
| jgriffin@griffinhumphries.com | |

Nathan R. Ring (*pro hac vice*)
Samuel K. Gladney (*pro hac vice*)
STRANCH, JENNINGS & GARVEY, PLLC
3100 W. Charleston Boulevard., Suite 208
Las Vegas, Nevada 89102
Tel. (725) 235-9750
lasvegas@stranchlaw.com
sgladney@stranchlaw.com

ATTORNEYS FOR PLAINTIFF

May 1, 2025

PPAB 12312450v1